IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.:  3: 19 CR 4 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | |
| ELIZABETH R. LECRON, | ) | <u>PROTECTIVE ORDER</u> |
| | ) | |
| Defendant. | ) | |

Upon unopposed motion of the government and for good cause shown, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the Court hereby issues this protective order applicable to the disclosure of discovery materials to Defendant by the government. Counsel for the parties have signed below acknowledging their agreement with and understanding of the terms of this protective order:

1. Discovery materials provided by the government to counsel for Defendant may only be disclosed to Defendant, counsel for Defendant, members of defense counsel's firm, designated defense team members (including defense investigators, experts, or consultants), or potential defense witnesses as part of preparation for testimony at trial. Such persons may view and examine the above-described documents, which are to remain in the sole custody of counsel for Defendant or their designated agents at all times. Any persons who view or examine discovery materials pursuant to this order shall be provided with a copy of this order and sign an

acknowledgement of this order (attached as Appendix A to this Order). All discovery materials shall be stored in a secure place and manner such that only authorized persons have access to them and a copy of this protective order shall be maintained with the discovery materials;

2. At no time shall discovery materials be disclosed to any other person not authorized to receive disclosure under the terms of this Order;

3. All "sensitive information" shall be redacted from any pleading, or any pleadings that contain "sensitive information" shall be filed under seal until further order of the Court. "Sensitive information" includes any personal identifying information ("PII"), including, but not limited to, individuals' home addresses, dates of birth, social security numbers, and bank/credit card account numbers; information identifying a cooperating witness or confidential human source, including but not limited to, the cooperating witness's or confidential human source's name, home address, picture, or physical description; any information related to the actual or cover identity of an Under Cover Employee ("UCE"); and any other materials identified by the government as containing sensitive information. The government will identify and mark for defense counsel any materials provided that contain sensitive information;

4. In addition to the other provisions of this Order, any information provided in discovery about the actual or cover personal identifiers, including online identities, personas, user names, and account names, of Under Cover Employees ("UCEs") shall be handled as follows:

    A. The defendant and counsel (including any member of the defense team or person subject to this Order) will not publicly disclose the actual or cover names, or any other identifying information, of any UCE in any pretrial filing or at any pretrial hearing in open court;

      B.     The defendant and counsel will not show or provide any declassified information about a UCE except to (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense.

5.     Discovery materials may only be used to represent the individual client in the above-captioned matter. They may not be provided to, shared with, or shown to anyone, for any other purpose without authorization of the Court. None of the discovery materials shall be disseminated to the media by the government or the defense;

6.     Any objections by Defendant regarding the applicability of this Order to discovery materials provided by the government and to the designation of specific discovery materials as sensitive that cannot be resolved through consultation of the parties shall be brought to the attention of the Court. No copying, distribution, dissemination, or action relative to such materials that is inconsistent with this Order shall be taken by either party until such objection is resolved by the Court;

7.     At the conclusion of counsel's representation, or the conclusion of proceedings in this Court and on direct appeal, counsel for Defendant agrees to return to the government any materials covered by this Order upon request of the government;

8.     Leave of Court to deviate from the conditions of the Protective Order must be requested in writing and filed under seal;

9.     If Defendant obtains substitute counsel, defense counsel of record will not transfer any discovery materials to substitute counsel until substitute counsel has been provided with a copy of this Order and signed an acknowledgement of this Order; and

9. This Protective Order does not apply to information that remains classified. All classified information will be governed by all applicable laws and rules applying to the disclosure and handling of classified information, the Classified Information Procedures Act, 18 U.S.C. App. 3 § 1 et seq., and any Order of this Court.

This Order will remain in effect until further order from the Court.

IT IS SO ORDERED.

                                                      JUDGE JAMES G. CARR
                                                     UNITED STATES DISTRICT JUDGE

DATE: _____

## Acknowledgement

By signing below, I agree that I have read this document and agree to abide by its terms..

By signing, Attorney for the Defendant avers that he or she accepts responsibility for ensuring that everyone on his or her defense team will abide by all terms of this Protective Order.

COUNSEL FOR THE UNITED STATES

_____
Michelle M. Baeppler
Assistant United States Attorney

January 25, 2019
Date

COUNSEL FOR THE DEFENDANT

_____
Donna Grill
Attorney for Elizabeth R. Lecron

1/23/19
Date

5

## APPENDIX A

Acknowledgement

By signing below, I agree that I have read the attached protective order and agree to abide by its terms.

| SIGNATURE | DATE |
|---|---|
| *[signature]* | 1-23-19 |
| *[signature]* | 1-23-19 |
| *[signature]* | 1-24-19 |

6