s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| United States of America, | : | Case No. 3:19-CR-4-2 |
| Plaintiff, | : | HON. JAMES G. CARR |
| vs. | : | **MOTION TO DISMISS COUNTS TWO, THREE, AND FIVE** |
| Vincent S. Armstrong, | : | |
| Defendant. | : | |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

Pursuant to FED. R. CRIM. P. 12(b), defendant Vincent Armstrong respectfully moves the Court for an order dismissing Counts Two, Three, and Five of the Indictment for failure to state an offense. None of these counts set forth facts sufficient to establish the statutory violations alleged therein, *i.e.*, violations of 18 U.S.C. § 924(c) (Count Five) and § 924(o) (Counts Two and Three). More specifically, the Indictment fails to allege facts which, if proven, establish that Mr. Armstrong acted in furtherance of a crime of violence as is required for each contested count.

Counts Two, Three, and Five of the Indictment each require an underlying "crime of violence," as that term is defined by 18 U.S.C. § 924(c)(3), as an element of the offense. The "crime of violence" identified by the Government in each contested count is the 18 U.S.C. § 844(n) conspiracy charged in Count One of the Indictment ("Conspiracy to Transport or Receive an Explosive with Intent to Kill, Injure, or Intimidate Any Individual, and Maliciously Damage or

4773857 .1

Destroy by Fire or Explosive") (hereafter, "the Count One conspiracy"). But the Count One conspiracy is not a crime of violence under either prong of 18 U.S.C. § 924(c)(3).

The Count One conspiracy does not satisfy the "force clause" of § 924(c)(3)(A), because it does not require a defendant to actually use, attempt to use, or threaten to use physical force to be found guilty of the offense. And the "residual clause" of § 924(c)(3)(B) is unconstitutionally vague, as its language is identical to the unconstitutionally-vague language recently rejected by the U.S. Supreme Court in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). Therefore, the Count One conspiracy does not satisfy either prong of 18 U.S.C. § 924(c)(3), and thus is not a crime of violence sufficient to support a conviction under 18 U.S.C. § 924(c) (Count Five) or § 924(o) (Counts Two and Three).

This motion is made for the same reasons set forth in defendant Lecron's well-reasoned *Motion to Dismiss Counts Two, Three and Four* (Doc. No. 27). For the sake of efficiency, Mr. Armstrong will not restate the arguments therein; rather, Mr. Armstrong incorporates the arguments in defendant Lecron's motion by reference as if fully restated herein.

The Count One conspiracy is not a crime of violence, and cannot support a conviction under 18 U.S.C. § 924(c) or § 924(o). Accordingly, Counts Two, Three, and Five of the Indictment fail to state an offense, and must be dismissed.

Respectfully submitted,

EASTMAN & SMITH LTD.

 /s/ Adam S. Nightingale
Adam S. Nightingale (0079095)
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032
Telephone:   (419) 241-6000
Fax:             (419) 247-1777
E-Mail:        asnightingale@eastmansmith.com

Attorney for Defendant Vincent S. Armstrong

## PROOF OF SERVICE

This is to certify that a copy of the foregoing has been filed electronically this 22nd day of March 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

/s/ Adam S. Nightingale  
Attorney for Defendant Vincent S. Armstrong