s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

| | | |
|---|---|---|
| United States of America, | : | Case No. 3:19-CR-4-2 |
| Plaintiff, | : | HON. JAMES G. CARR |
| vs. | : | **OMNIBUS MOTION REGARDING CJA MATTERS (WITH PROPOSED ORDER)** |
| Vincent S. Armstrong, | : | |
| Defendant. | : | |

s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s-s

Defendant Vincent Armstrong respectfully moves the Court for the following relief relating to his representation under the Criminal Justice Act ("CJA"): (a) an order designating this case as both "complex" and "extended" pursuant to § 230.23.40(b) of the CJA Guidelines and 18 U.S.C. § 3006A(d)(3); (b) an order declaring this case to be a "mega case" eligible for budgeting; (c) an order granting counsel leave to file all CJA-related matters under seal and *ex parte*, and (d) an order allowing interim billing without withholding pursuant to § 230.73.10 of the CJA Guidelines.  A proposed order is attached for the Court's review.

   1. **This Case is Both "Complex" and "Extended" Under the Criminal Justice Act.**

As the Court is aware, this case involves two defendants, Elizabeth Lecron and Vincent Armstrong.  Mr. Armstrong is charged with the following: (a) conspiracy to transport or receive an explosive (with intent to kill, injure, or intimidate) and to maliciously damage or destroy by fire or

4775137 .1

explosive (Count One); (b) conspiracy to use a destructive device during, or in relation to, a crime of violence (Count Two); (c) conspiracy to use firearms during, or in relation to, a crime of violence (Count Three); (d) possession of firearms in furtherance of a crime of violence (Count Five); and (e) making false statements (Count Six).  A great deal of discovery has been provided to date; more than 400 gigabytes of information has been produced, including thousands of pictures, at least 50 hours of audio recordings, and a substantial quantity of documents and investigatory records/reports.

Pursuant to § 230.23.40(b) of the CJA Guidelines, a matter should be declared "complex" upon a finding that "the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill, and effort by the lawyer than would normally be required in an average case."  In discussing the matter with prior counsel and beginning a review of discovery, it has become apparent this case will involve a significant number of unusual factual and legal issues which will require more effort and skill than the average case.

Pursuant to § 230.23.40(b) of the CJA Guidelines, a matter should be declared "extended" upon a finding that "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings."  Here, significantly more attorney time will be required than in the average case.  Indeed, reviewing and analyzing the discovery already produced in this matter will likely require more time than is permitted under the CJA's maximum compensation limits.  And further, this case will involve substantially more factual and legal investigation than the average case; counsel intends to work with an investigator to reduce costs, but extended attorney time is anticipated.  This extra attorney time is necessary to provide adequate representation to Mr. Armstrong in this matter.

This matter is both "complex" and "extended," and should be designated as such by the Court.

4775137 .1

**2. This Is a "Mega Case" Appropriate for Budgeting.**

Next, pursuant to § 230.26.10 of the CJA Guidelines, courts are encouraged to use case-budgeting techniques in "representations that appear likely to become or have become extraordinary in terms of potential cost." Specifically, budgeting should be used in cases in which attorney hours are expected to exceed 300 hours, or where total expenditures (including investigative and expert services) are expected to exceed the cost equivalent of 300 hours at the prevailing CJA rate. *Id.* These cases are commonly referred to as "mega cases" in the Sixth Circuit. As detailed above, the complexity of the issues and the volume of discovery in this case will require the expenditure of substantial attorney time. Further, it is anticipated that significant investigative and expert services may be necessary, which will further raise the cost of representation. As such, this case is appropriate for CJA budgeting, and should be designated a "mega case."

**3. Leave to File Under Seal and *Ex Parte*.**

Third, counsel requests leave to file all CJA-related materials, including all budgeting matters, under seal and *ex parte*. A defendant's CJA-related filings contain confidential attorney work product which the Government is not entitled to discover. Accordingly, Mr. Armstrong requests a standing order granting him leave to file all CJA-related materials under seal and *ex parte*.

**4. Interim Billing.**

Finally, counsel requests an order permitting interim billing, without withholding, for court-appointed counsel.

Interim billing is permitted where "necessary and appropriate in a specific case," pursuant to § 230.73.10 of the CJA Guidelines. Interim billing is appropriate here due to the extended nature of the case, and it will allow Mr. Armstrong's prior counsel (Cherrefe Kadri) to receive compensation for the work she has performed to date. Further, the policy reason for withholding interim payment (*i.e.*, to allow "the chief judge of the circuit to provide a meaningful review of claims for excess

3

compensation" (*id.* at § 230.73.10(c))) is not implicated here, because this is a "complex" and "extended" case exempt from the CJA's compensation limits. And finally, the undersigned's office has been informed by this Court's Financial Specialist that the Court prefers to receive periodic interim bills in larger cases, rather than one large voucher at the end of the representation. Accordingly, counsel requests an order permitting interim billing and waiving withholding of attorney fees.

For the reasons set forth above, defendant Vincent Armstrong respectfully requests an Order granting the relief requested herein. A proposed order granting the relief requested is attached for the Court's review.

Respectfully submitted,

EASTMAN & SMITH LTD.

/s/ Adam S. Nightingale
Adam S. Nightingale (0079095)
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, Ohio  43699-0032
Telephone:   (419) 241-6000
Fax:              (419) 2247-1777
E-Mail:         asnightingale@eastmansmith.com

Attorney for Defendant Vincent S. Armstrong

## PROOF OF SERVICE

This is to certify that a copy of the foregoing has been filed electronically this 25th day of March, 2019. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the parties may access this filing through the Court's system.

/s/ Adam S. Nightingale
Attorney for Defendant Vincent S. Armstrong

4775137 .1