# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO: 3:19CR-4 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | **DEFENDANTS' JOINT** |
| | ) | **SUPPLEMENTAL BRIEF** |
| ELIZABETH R. LECRON, et al. | ) | **IN SUPPORT OF THE MOTIONS** |
| | ) | **TO DISMISS** |
| Defendants. | ) | |

Defendants Elizabeth LeCron and Vincent Armstrong, through counsel, jointly provide this supplemental brief, as requested in this Court's July 2, 2019 Order. (Doc. 53, Order). The defendants assert that 18 U.S.C. § 844(d) is an indivisible statute that contains alternative means of committing an offense. It is, therefore, subject to the categorical approach and is not a crime of violence as defined by 18 U.S.C. § 924(c). As a result, this Court must dismiss Counts Two and Three of the indictment. A memorandum in support follows.

Respectfully submitted,

Stephen Newman
Federal Public Defender
Ohio Bar: 0051928

*s/ Donna M. Grill*
DONNA M. GRILL
Assistant Federal Public Defender
Ohio Bar No. 0062141
CLAIRE R. CAHOON
Attorney at Law
Ohio Bar No. 0082335
617 Adams Street, 2nd Floor
Toledo, Ohio 43604
(419) 259-7370
(419) 259-7375 – facsimile
donna_grill@fd.org
claire_cahoon@fd.org
Counsel for Elizabeth LeCron

EASTMAN & SMITH LTD.

*s/ Adam S. Nightingale*
ADAM S. NIGHTINGALE
Ohio Bar No. 0079095
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, OH 43699-0032
(419) 241-6000
(419) 247-1777 – facsimile
asnightingale@eastmansmith.com
Counsel for Vincent Armstrong

## MEMORANDUM

### I.  18 U.S.C. § 844(d) IS AN INDIVISIBLE STATUTE SUBJECT TO THE CATEGORICAL APPROACH.

#### A.  The categorical approach applies to indivisible statutes, which may include alternative means of satisfying a statutory element.

To determine whether an offense qualifies as a crime of violence, courts generally apply the categorical approach, which relies on analyzing the elements of the offense. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016). The categorical approach applies where the statute is indivisible, meaning there is a single set of elements to define a single crime. *Id.* Only where a statute is divisible, meaning it has alternative elements, is the modified categorical approach triggered. *Id.* at 2249.

Elements "are the 'constituent parts' of a crime's legal definition – the things the 'prosecution must prove to sustain a conviction.'" *Id.* (quoting Black's Law Dictionary 634 (10th ed. 2014)). They are distinct from facts, which are ignored by the categorical approach. *Id.* "The 'underlying brute facts or means' by which the defendant commits his crime make no difference. . ." *Id.* at syllabus (quoting *Richardson v. United States*, 526 U.S. 813, 817 (1999)). In summary,

statutes that have alternative elements are divisible (modified categorical approach), whereas statutes that have only alternative means are indivisible (categorical approach).

Alternative means are common in criminal statutes. "[L]egislatures frequently enumerate alternative means of committing a crime without intending to define separate elements or separate crimes." *Schad v. Arizona*, 501 U.S. 624, 636 (1991). *See Thomas v. Meko*, 915 F.3d 1071, 1074 (6th Cir. 2019) (in distinguishing means from elements, "Kentucky law recites two mental states – intent to kill and extreme indifference to human life – as alternative means that satisfy the element of mens rea for murder. That recitation is unremarkable. . ."). The *Mathis* Court held that alternative means of satisfying a particularly statutory element are not themselves elements rendering the statute divisible. *Mathis* at syllabus.

In *Mathis*, the Supreme Court analyzed Iowa's burglary statute that criminalized burglary of "any building, structure, [or] land, water, or air vehicle". *Id.* at 2250 (quoting Iowa Code § 702.12). In evaluating that statute, the Supreme Court explained, "And those listed locations are not alternative elements, going toward the creation of separate crimes. To the contrary, they lay out alternative ways of satisfying a single locational element. . ." *Id.* The places listed were alternatives to satisfy a single location element, not separate elements themselves.

The Supreme Court also suggested that the statute itself could resolve the question "on its face" if statutory alternatives carry different punishments. *Mathis* at 2256. Here, § 844(d) contains only one range of punishment for the general elements of the statute – "shall be imprisoned for not more than twenty years.. . ." regardless of which alternative means are involved. Higher punishments are also provided if injury or death result, but that is a standard elevation for a criminal statute and not the kind of sentence parsing that *Mathis* described. *Id. See, e.g.,* 21 U.S.C. § 841(b)(1)(C) (criminalizing trafficking of schedule I or II controlled substances but increasing the

3

punishment where death or serious bodily injury result). In sum, alternative means are a common, indivisible component of a criminal statute.

**B.     18 U.S.C. § 844(d) lists alternative means, not elements.**

As the defendants and this Court have already recognized, the Sixth Circuit has never addressed whether § 844(d) is an indivisible statute or qualifies as a crime of violence. (*See* Doc. 40, LeCron Reply: Doc. 53, Order, Page ID 320). But other Circuits' precedent as to the elements of § 844(d), as well as the Sixth Circuit's analysis of § 844(d) more generally, and treatment of other explosives statutes, indicate that § 844(d) must be indivisible.

       1.     <u>Other Circuits have interpreted the elements of § 844(d) such that the statute must contain alternative means of satisfying individual elements</u>.

Other Circuits have interpreted § 844(d) to include only a basic set of elements that can be satisfied by several alternative means of commission. The First Circuit addressed this issue in the most detail. It held that § 844(d) has only three elements. *United States v. Carlson*, 561 F.2d 105, 108 (1st Cir. 1977). "The elements of [§844(d)] are 1) transportation or receipt in interstate commerce or 2) any explosive 3) 'with the knowledge or intent that it will be used to kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property.'" *Id.* (quoting § 844(d)).

The defendant in *Carlson* argued that there was insufficient evidence to support his conviction where the government did not establish his specific intent to bomb the exact targets listed in the indictment. *Id.* He argued that a listing of the bombing targets "was 'descriptive of the identity of that which is legally essential to the charge in the indictment,' i.e. the buildings that he intended unlawfully to damage and destroy." *Id.* (internal citations omitted). But the First Circuit held that the statute's elements were fully covered by the indictment. *Id.* "[I]t was not essential for

4

[the targets] to be mentioned in the indictment nor was it essential that Carlson have them specifically in mind when he went into Massachusetts." *Id.*

The *Carlson* Court essentially employed the underlying reasoning later articulated by *Mathis*, concluding that identity of the target of the § 844(d) bombing was one of a set of alternative means of satisfying the statute (i.e. killing, injuring or intimidating an individual or unlawfully damaging or destroying a building, vehicle, or real or personal property) – not an element of the statute itself. For that reason, it was not error for the government to name specific targets in the indictment where different targets ended up being proven at trial. Because sufficient evidence was presented that any target satisfying § 844(d) was bombed, the conviction was fully supported.

Similarly, in *United States v. Salameh*, 152 F.3d 88, 146 (2d Cir. 1998), the Second Circuit also held that a conviction for conspiracy based on § 844(d) did not require indicting the specific target of the bombing, in that case the World Trade Center. The defendant argued on appeal that the government was required to prove specific knowledge and intent to bomb the World Trade Center. *Id.* at 145. But the Second Circuit noted that the indictment charging conspiracy premised on § 844(d) needed only to allege the language of the statute. *Id.* at 146. It further stated in a footnote, "None of the four criminal objectives charged in the indictment required the government to prove that the defendant was aware of the specific target of the bombing. See 18 U.S.C. §§ 33, 844(d), 844(f), and 844(i) (collectively referring to crimes against 'any' building, vehicle, or property)." *Id.* at 154, fn. 16. *Compare United States v. Flynn*, 852 F.2d 1045, 1056 (8th Cir. 1988) (reversing conviction under § 844 where government failed to prove an actual element of the crime – in that case interstate nexus, "an element of a section 844(d) crime").

Moreover, the pattern jury instructions from the District of South Carolina[1] include an instruction for § 844(d) that identifies only two elements. Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, § 2, p. 123 (2018 Online Ed.). The instruction reads:

> For you to find the defendant guilty, the government must prove each of the following beyond a reasonable doubt:
>
> - First, that the defendant transported or received, or attempted to transport or receive, in interstate commerce any explosive; and
>
> - Second, that the defendant did so with the knowledge or the intent that it would be used to kill, injure, or intimidate any individual, or unlawfully to damage or destroy any building, vehicle, or other real or personal property.

*Id.* The instructions also include "aggravating penalties" such as when the person involved is a public safety officer. *Id.* As in *Carlson*, the pattern instructions identify only a few actual elements and treat the remaining language of the statute as alternative means for satisfying those elements.

    2.    <u>The Sixth Circuit's interpretation of § 844(d) generally supports that the statute is indivisible</u>.

Although the Sixth Circuit has never addressed whether § 844(d) is an indivisible statute, its interpretation of the statute more generally supports that conclusion. In *United States v. Metzger*, 778 F.2d 1195 (6th Cir. 1985), the Sixth Circuit analyzed the interstate element of § 844(d). That element criminalizes the actions of an individual who "transports or receives, or attempts to transport or receive, in interstate or foreign commerce. . ." explosives for a set of alternative purposes. 18 U.S.C. § 844(d). The statute, therefore, has an interstate element but

---

[1] The Fourth Circuit Court of Appeals does not have pattern jury instructions. However, the Circuit's website links to the District of South Carolina's pattern instructions.

6

alternative means to satisfying that element. For example, an individual could either transport or receive (two distinct alternatives) in interstate or foreign commerce (a second set of alternatives). *Id.* The interstate element can also be satisfied where the individual only attempts to either transport or receive. *Id.*

The *Metzger* court addressed the interstate element where the defendant argued that direct evidence of transportation or receipt over state lines was required to satisfy the statute. *Metzger* at 1206. But the Sixth Circuit concluded that the government's burden was satisfied by simply showing "that the movement of the explosive was a 'continuation of the movement that began out of state.'" *Id.* at 1207 (quoting *McElroy v. United States*, 455 U.S. 642 (1982)). In other words, the interstate element could be satisfied by several different forms of alternative means. That reality did not convert alternative means into distinct elements for the purposes of satisfying the statute.

Similarly, in *United States v. Strange*, 892 F.2d 1044, 1989 WL 156588, * 2 (6th Cir. 1989), the Sixth Circuit described the alternative means provided in § 844(d) as being reflective of different degrees of seriousness. While this case was decided long before the *Mathis* discussion of alternative means and did not expressly use that term, the *Strange* court's analysis suggested that a statute, containing elements, might also include alternative means of satisfying those elements in ascending order of severity. Put another way, the alternative means of the statute were laid out from most to least serious to highlight the most significant means of satisfying the element and violating the law. As the Sixth Circuit explained, "Obviously, it makes a difference whether the conduct of the defendant represented a threat to persons or property. Similarly, it makes a difference as to whether injury or death occurred." *Id.* at * 3.

This is further supported by the Sixth Circuit's description of each available alternative mean in the statute as "an aggravating circumstance" that the sentencing judge could consider. *Id.* at * 3. An aggravating circumstance is a mean, not an element. Therefore, the Sixth Circuit's interpretation of § 844(d) more generally supports a finding that the statute is indivisible.

        3.    <u>Similar statutes dealing with explosives expressly include alternative elements, unlike § 844(d)</u>.

As further support that § 844(d) is an indivisible statute, other criminal statutes in Chapter 40 of Title 18 that deal with explosives specifically list alternative elements – whereas § 844(d) does not. For example, in 18 U.S.C. § 842(a)(3), which regulates unlawful importing, manufacture, distribution, and storage of explosives, two distinct sets of crimes are identified based on alternative elements. Under § 842(a)(3)(A), a defendant who is not a licensee or permittee commits a crime by knowingly transporting, shipping, or causing to be transported or shipped explosive materials. But under § 842(a)(3)(B), a defendant who is not a licensee or permittee commits a crime by knowingly distributing explosive materials to non-licensees or permittees.

The use of subsections in the statute makes clear that these are distinct, alternative crimes delineated in a divisible statute. In fact, all of § 824 is drafted into distinct subsections of crimes. By contrast, § 844(d) is crafted as one complete paragraph with no subsections, suggesting it was meant by Congress to be interpreted as a single, indivisible statute with alternative means of commission. The canon of statutory construction requires that a court give effect to every word of a statute unless doing so would be repugnant to the remainder of the statute. *Chickasaw Nation v. United States*, 534 U.S. 84, 85 (2001). Here, Congress has chosen not to break § 844(d) into subsections, rendering them alternative elements. As a result, this Court should construe § 844(d) as an indivisible statute subject to the categorical approach.

### III. CONCLUSION

A language of 18 U.S.C. § 844(d) is indivisible. As a result, the categorical approach applies. This Court has already agreed that if § 844(d) is a categorical offense, requiring this Court to look at the entire range of conduct criminalized by the statute, then "it would appear that § 844(d) is not a crime of violence." (Doc. 53, Order, Page ID 320). Because the indictment is facially deficient, as argued in the defendants' Motions to Dismiss, Counts Two and Three should be dismissed.

Respectfully submitted,

Stephen Newman
Federal Public Defender
Ohio Bar: 0051928

*s/ Donna M. Grill*
DONNA M. GRILL
Assistant Federal Public Defender
Ohio Bar No. 0062141
CLAIRE R. CAHOON
Attorney at Law
Ohio Bar No. 0082335
617 Adams Street, 2nd Floor
Toledo, Ohio 43604
(419) 259-7370; 419-259-7375 – facsimile
donna_grill@fd.org
claire_cahoon@fd.org

EASTMAN & SMITH LTD.

*s/ Adam S. Nightingale*
ADAM S. NIGHTINGALE
Ohio Bar No. 0079095
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, OH 43699-0032
(419) 241-6000
(419) 247-1777 – facsimile
asnightingale@eastmansmith.com
Counsel for Vincent Armstrong