**IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION**

United States of America,

        Plaintiff,

                v.

Vincent Armstrong,

        Defendant.

Case No. 3:19-cr-0004-02

Judge James G. Carr

**ORDER**

Pending is the Defendant's *pro se* Motion for Early Termination of Supervised Release. (Doc. 99). The Government opposes the Motion. (Doc. 103). The Defendant did not file a Reply.

In support of his Motion, Defendant, who is currently age twenty-nine, states he has served two of his three year term; he currently maintains a 3.55 GPA at Owens Community College; and he strives to obtain a bachelor's degree in Commercial Music. (Doc. 99, pgID 818).

He further attributes his act of committing the crime of "Conspiracy to Transport or Receive an Explosive with the Intent to Kill, Injure, or Intimidate" to his mental state at the time, coupled with alcohol abuse and bad influences. (*Id.*). He desires early release to attend college at Tiffin University and to enable him to freely travel outside of the District for potential career opportunities or internships. (*Id.*).

Though I commend Defendant for his achievements, goals, and aspirations, I agree with the Government that the Defendant fails to meet his burden of showing that exceptional circumstances justify premature termination of his three-year term of Supervised Release. (Doc. 103, pgID 828), citing *United States v. Butler*, No. 22-5877, 2023 WL 6552878, at *2 (June 14, 2023); *United States v. Zai*, No. 22-3371, 2022 WL 17832201, at *4 (6th Cir. Dec. 21, 2022).

1

Early termination of Supervised Release is not a matter of right; it is an earned exercise of judicial grace. To justify such exercise, the Defendant must do more than simply demonstrate ordinary compliance with the Terms and Conditions of Supervised Release. *See Butler*, 2023 WL 6552878, at *2 (citing *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018)).

Mere compliance, even when one has shown good academic performance, as Defendant has, is not enough. Indeed, even superior academic performance is but an aspect of compliance with my commonly imposed additional Conditions of Supervised Release. Namely, that a defendant, while on Supervised Release diligently seeks to obtain and/or maintain lawful gainful employment.

To be sure, relatively few ex-offenders undertake post-high school education, as Defendant has. But, in the end, his doing so in an effort to pursue a musical career, is no more extraordinary than other career-enhancing post-incarceration educational endeavors, such as, acquiring a Commercial Driver's License, or acquiring the education and training that enables an ex-offender to obtain a lucrative career in the trades industry.

Simply, acquisition of lawful gainful employment and the means of obtaining such is, in my view, one of the paramount obligations of a former Federal offender.

There is much wisdom in the adage, "*Idle hands are the Devil's playthings*." Having a job means having a place to go to and to get to on time. It also gives one, no matter his or her past history or present circumstances, an obligation of responsibility and an attainable sense of accomplishment and dignity.

A statement made by a former Defendant expresses that observation best.

2

The person who made it, in his more than fifty years, never had a lawful job. He had made his living, such as it was, through crime. As a result, he had been in and out of jails and prisons for thirty years or more.

But, unlike so many other prisoners, he had a devoted wife and three children. For some time after his release from Federal custody, he had not sought to gain employment – simply being another dependent for his wife, a Licensed Practical Nurse, to support.

When summoned to appear before me for persistent noncompliance with the requirement that he diligently seek and maintain lawful gainful employment, he received a continuance and a warning: Get a job or a return to prison. A month later, at the Supervised Release Violation Hearing, he arrived in a sanitation worker's jumpsuit. When I asked how he was doing, he simply stated, with tears in his eyes and holding a paystub: "I've got a job. I know what it is to be a man."

To be sure, it does not always end that way. But in the end, that is what the Probation Officer, the Judge, and most of all, one's family desires. And it is the one thing a formerly incarcerated person aiming towards rehabilitation, can work towards.

Three years is barely enough time for the Defendant to reach a similar point in his still young life. I see no reason to cut short the opportunities that Supervised Release can make possible for him. It is the Officer's hope, my hope, and the public's hope that once supervision is over, the Defendant will achieve the same sense of accomplishment and pride in who he has become and will – hopefully – continue to grow to be.

Releasing Defendant prematurely from Supervised Release would not help him in reaching that destination.

It is therefore, accordingly, hereby

3

ORDERED THAT the Defendant's Motion for Early Termination of Supervised Release (Doc. 99) be, and the same hereby is, **DENIED.**

So ordered.

Date: 1/17/2025

<u>/s/ James G. Carr</u>
Sr. U.S. District Judge